UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONALD R. BORDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:10CV146 HEA |
| | ) |
| TRINITY MARINE | ) |
| PRODUCTS, INC. et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

Plaintiff Donald Borders's ("Plaintiff") has filed a Motion to Remand [Doc. #6]. Plaintiff moves for the Court to remand this matter to the Circuit Court of Pemiscot County, Missouri. Defendants Daniel Fortune, Johnny Horman, Rick Walker and Trinity Marine Products, Inc. ("Defendants" collectively) have filed a Motion to Dismiss [Doc. #17]. Pursuant to Plaintiff's request [Doc. #19], and the Court's subsequent Order [Doc. #21], the Court will only address Plaintiff's Motion to Remand at this time. For the reasons set out below, Plaintiff's Motion to Remand is denied.

### **Facts & Background**

Plaintiff Donald R. Borders, a Missouri resident, is an employee at Defendant Trinity Marine Products, Inc. ("Trinity"). Trinity is a Delaware

corporation with its principal place of business in Dallas, Texas. On October 8, 2009, Plaintiff filed for a Charge of Discrimination with the Missouri Commission on Human rights ("MCHR") against Trinity, alleging (1) he was suspended and demoted on August 20, 2009 due to his race, which violates the Missouri Human rights Act ("MHRA"); and (2) he was subjected to racial harassment on August 26, 2009 when a supervisor allegedly brought a noose into the workplace and told Trinity employees that he had the noose so he could "control the employees and keep them in line." Plaintiff's Exh. A at 8. On May 28, 2009, the MCHR issued Plaintiff a Right to Sue regarding his Charge against Trinity.

On August 25, 2010 Plaintiff filed an action in the Circuit Court of Pemiscot County, Missouri against Defendants Trinity Marine Products, Inc., Daniel Fortune ("Fortune"), Johnny Horman ("Horman"), and Rick Walker ("Walker"). All three of the individual defendants are residents of Missouri. The action was a Petition for Race Discrimination (Count I), Racial Harassment (Counts II and III), Retaliation (Count IV), Civil Conspiracy (Count V), Tortious Interference with a Contract (Count VI), Punitive Damages, and other court orders under the MHRA, § 213.101. On September 22, 2010, Trinity was served, and the remaining defendants agreed to waive formal service. Plaintiff served Trinity on September 22, 2010 with his first requests for admissions and production of

documents, and his first interrogatories. On September 23, 2010, the defendants filed a Notice of Removal with this Court alleging that the defendants were fraudulently joined; therefore, there is complete diversity among the parties.

## Plaintiff's Motion to Remand

In his Memorandum in Support of Motion to Remand Plaintiff alleges that Defendants were not fraudulently joined, and there is not complete diversity among the parties.[1] Generally, "[j]oinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Sprint Spectrum L.P. v. AT & T Communications, Inc..* 2001 WL 36143293 at *2. "Joinder is fraudulent, if on the face of the state court complaint, no cause of action lies against the resident defendant." *Id.* (citing *Reeb v. Wal-Mart Stores, Inc.*, 902 F. Supp. 185, 187 (E.D. Mo. 1995)). Additionally, when "the reviewing court finds that the plaintiff has no real intention of prosecuting the action against the resident defendant, joinder is fraudulent and removal is proper. *Reeb*, 902 F.Supp at 187. The burden of proving the existence of fraudulent joinder rests with the removing party. *Parnas v. General Motors Corp.,* 879 F.Supp. 91, 92 (E.D.Mo. 1995).

---

[1]Plaintiff also contends that Defendants' notice of removal is not ripe, is premature, and there is not complete diversity among the parties. The Court finds this argument unpersuasive and lacking any legal support. As discussed below, the sole issue is whether the MHRA permits an individual to assert additional claims against individual supervisors when their names were left off of the initial charge of discrimination.

Defendants contend that because Plaintiff did not name Fortune, Horman, and Walker in his MCHR complaint form, Plaintiff has failed to exhaust his administrative remedies against the individual defendants for Counts I, II, and IV; thus constituting fraudulent joinder. The MHRA provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, . . . which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission. . .

Mo. Rev. Stat. § 213.075. Additionally, the MHRA contains broad definition of employer, stating: ""Employer" includes . . . any person employing six or more persons within the state, and any person directly acting in the interest of an employer. . ." Mo. Rev. Stat. § 213.010.7.

The issue before the Court is whether the MHRA permits an individual to assert additional claims against individual supervisors when their names were left off of the initial charge of discrimination. The Missouri Supreme Court recently addressed this issue in *Hill v. Ford Motor Co.*, 277 S.W.3d 659 (Mo. 2009). Relying on established federal law due to lack of guidance from Missouri case law, the *Hill* court reasoned that requiring an individual to be named in a charge in order to be included in the later civil suit serves two purposes: "to give notice to

4

the charged party and to provide an avenue for voluntary compliance without resort to litigation, such as through the EEOC's conciliation process." *Id.* Citing *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3rd Cir.1977). Federal cases have forgiven a failure to join the individual in the initial charge if allowing the suit would not be inconsistent with these purposes. *Id.*

The *Hill* court held that theses requirements are met when there is a substantial identity of interest between the parties sued and those charged. *Id.* Whether a sufficient identity of interest exists requires consideration of the following factors:

> (1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Hill,* 277 S.W.3d at 669-670.

In applying these elements to the present case, these four factors listed above weigh against granting an exception to the general rule that a plaintiff cannot sue an individual when they fail to name them in their charge. With

5

respect to the first factor, it is clear to the Court that Plaintiff had actual knowledge of the role of the Fortune, Walker, and Harmon at the time of filing his MCHR charge. Plaintiff could have ascertained their personal information and individually named them in the charge. Plaintiff contends that he took every opportunity to notify the MCHR investigators that he had claims against the individual defendants and points the Court's attention to his Memorandum of MCHR Investigator Charmagne Schneider's interview with Plaintiff. *See* Doc. #15–1-2 . Upon review of the Memorandum, aside from Trinity, it is not clear by the content of the memo exactly whom Plaintiff intended to individually name in the actual charge. All three of the individual Defendants' names are included in the memo; however, other Trinity employees are also listed within the correspondence. To accept Plaintiff's assertion on its face would mean to allow Plaintiff to include every individual named in his MCHR Memorandum as defendants without following the requirements of § 213.075. Additionally, the MHRA specifically provides a procedure for joining additional individuals not named in the initial Charge of Discrimination. Under § 213.075(4), you may go back and add additional individuals if they are identified in the course of the MCHR investigation. Such notice, in addition to following the requirements of such rules, regulations, and guidelines, shall include the reason why the

respondent to whom notice is addressed has been joined as a party. *Id.* Plaintiff did not issue such notice to any of the individual Defendants.

With regard to the second factor, it cannot be said that the interests of Fortune, Walker, and Harmon are so similar to Trinity's that it would be unnecessary to include them in the MCHR proceedings. The risk of each individual being personally sued is far different than a suit against their employer, Trinity, only. Plaintiff argues that because the individual defendants had counsel representing them in the early stages of the MCHR investigation, Defendants have offered an admission that their defense counsel was ineffective for failing to advise the clients as to the potential of individual liability. This theory is novel at best. It cannot be said that Fortune, Harmon, and Walker's individual interests are sufficiently aligned with that of Trinity Marine Products, Inc..

Under the third factor, it is clear to the Court that Fortune, Harmon, and Walker would be prejudiced by being subjected to liability when they were unable to respond to the MCHR investigation and had not been included in the beginning stages of litigation. Although the individual parties had retained counsel during the MCHR investigation, the individual Defendants did not know a lawsuit would be brought against them individually. Answering questions as part of an

investigation against your employer presents a far different scenario compared to being named as an individual defendant from the outset.

Under the fourth factor, there is no evidence present which shows Fortune, Harmon, and Walker held themselves out as the virtual alter ego of Trinity. Plaintiff contends that, to him, "the individuals are Trinity." Doc. #15 at 9. Although Plaintiff contends as much, he has failed to offer evidence which substantiates his assumption that the parties are one and the same. As such, in balancing the four factors adopted by the *Hill* court, this Court finds that there is no "substantial identity of interest" between the Fortune, Harmon, and Walker and Trinity.

Defendants Harmon, Fortune, and Walker are not subject to individual liability in this case, as Trinity is the proper defendant and the only defendant listed in Plaintiff's MCHR charge. Plaintiff's failure to exhaust his administrative remedies against the individual defendants resulted in him fraudulently joining Harmon, Fortune, and Walker. Thus, complete diversity exists among the proper parties, Plaintiff Borders and Trinity, and jurisdiction is proper in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [Doc. #6] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants Daniel Fortune, Johnny Harmon, and Rick Walker are not proper defendants and not subject to individual liability.

**IT IS FURTHER ORDERED** that Plaintiff is given fourteen (14) days to respond to Defendants' Motion to Dismiss [Doc. #18].

Dated this 9th day of December, 2010.

          HENRY EDWARD AUTREY
          UNITED STATES DISTRICT JUDGE