# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD BORDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:10CV00146 HEA |
| ) | |
| TRINITY MARINE PRODUCTS, INC., ) | |
| et al., ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Trinity Marine Products, Inc.'s ("Trinity") Motion to Dismiss [Doc. #17]. Plaintiff opposes the motion and the parties have submitted memoranda in support of their respective positions. For the reasons set out below, Defendants' motion is granted.

## Background

Plaintiff Donald R. Borders, a Missouri resident, is an employee at Defendant Trinity Marine Products, Inc. ("Trinity"). Trinity is a Delaware corporation with its principal place of business in Dallas, Texas. On October 8, 2009, Plaintiff filed for a Charge of Discrimination with the Missouri Commission on Human rights ("MCHR") against Trinity, alleging (1) he was suspended and demoted on August 20, 2009 due to his race, which violates the Missouri Human

Rights Act ("MHRA"); and (2) he was subjected to racial harassment on August 26, 2009 when a supervisor brought a noose into the workplace and told Trinity employees that he had the noose so he could "control the employees and keep them in line." Plaintiff's Exh. A at 8. On May 28, 2009, the MCHR issued Plaintiff a Right to Sue regarding his Charge against Trinity.

On August 25, 2010 Plaintiff filed an action in the Circuit Court of Pemiscot County, Missouri against Defendants Trinity Marine Products, Inc., Daniel Fortune ("Fortune"), Johnny Horman ("Horman"), and Rick Walker ("Walker"). All three of the individual defendants are residents of Missouri. The action was a Petition for Race Discrimination (Count I), Racial Harassment (Counts II and III), Retaliation (Count IV), Civil Conspiracy (Count V), Tortious Interference with a Contract (Count VI), Punitive Damages, and other court orders under the MHRA, § 213.101. On September 22, 2010, Trinity was served, and the remaining defendants agreed to waive formal service.

On September 23, 2010, the Defendants filed a Notice of Removal [Doc. #6] alleging that the defendants were fraudulently joined; therefore, there is complete diversity among the parties. On September 24, 2010, Plaintiffs filed a Motion to Remand [Doc. # 6] the case to the Circuit Court Pemiscot County, Missouri. On December 9, 2010, the Court denied Plaintiff's Motion to Remand and further

ordered that Fortune, Horman, and Walker are not proper defendants and not subject to individual liability [Doc. #22].

## **Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556) "Where a complaint pleads facts that are merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (quotation mark omitted).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Id.* at 1950-51. These include "legal conclusions" and "[t]hreadbare recitals of the

3

elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## Discussion

Defendants' Motion to Dismiss requests that the Court dismiss Plaintiff's claims of failure to promote, unequal pay and retaliation claims in Counts I and IV; dismiss Counts I, II and IV as to the individual defendants (Horman, Walker, Fortune), and dismiss Counts V and VI.

**Count I: Race Discrimination**

Plaintiff's Count I alleges that defendants–both Trinity and the three individual Defendants–racially discriminated against him. Specifically, Plaintiff

4

claims that all four of the Defendants were responsible for failure to promote him. He further contends that Defendants Trinity, Walker, and Fortune all discriminated against him by demoting him, and by cutting his pay. Additionally, Plaintiff alleges that Defendant Trinity discriminated against him with respect to his compensation for his performance of his duties.

As the Court held in its Order denying remand, Defendants Horman, Fortune, and Walker are not subject to individual liability in this case, as Trinity is the proper defendant and the only defendant listed in Plaintiff's MCHR charge.[1]  Plaintiff's failure to exhaust his administrative remedies against the individual defendants precludes them from being subject to liability for the Counts raised by Plaintiff. This Court devoted ample analysis and reasoning in its Order denying remand, and it is unnecessary to once again address those issues in the motion now before it.  As such, Defendants Fortune, Horman, and Walker are not proper defendants and any claim asserted against them, individually, in Plaintiffs complaint are deemed dismissed.

---

[1]Plaintiff devotes much of his Response to Defendants' Motion to Dismiss critiquing the Court's Order denying remand and asking the Court to reconsider.  Plaintiff accuses the Court of applying improper standards and offers general disagreements with the issue of denial of remand. Plaintiff's arguments opposing the denial of remand are misplaced and they disregard the procedure required by the Missouri Human Rights Act.  As stated above, and in greater detail in the Court's Order denying remand [Doc. #22], Plaintiff's failure to exhaust his administrative remedies against the individual defendants precludes them from being subject to liability for the Counts raised by Plaintiff.

With respect to Trinity specifically, defendants do not seek dismissal of Plaintiff's Count I claim against Trinity regarding whether he was demoted and suspended because of his race. There is no argument that these claims were raised in plaintiff's original complaint. Defendants do, however, seek dismissal of plaintiff's claim against Trinity that he was denied a promotion and denied equal pay because of his race. Defendants contend that dismissal is proper regarding these claims due to plaintiff's failure to exhaust his remedies as to such claims.

Prior to initiating an action under the MHRA, a plaintiff must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right to sue letter. *Roberts v. Panhandle Eastern Pipeline Co.*, 763 F.Supp. 1043, 1048 (W.D.Mo., 1991); *See* Mo. Rev. Stat. §§ 213.075 and 213.111(1). Under the MHRA, exhaustion requires claimant to give notice of all claims of discrimination in the administrative complaint, but administrative complaints are interpreted liberally in effort to further the remedial purpose of the legislation that prohibits unlawful employment practices; thus, the scope of the civil suit may be as broad as the scope of the administrative investigation which could reasonably have been expected to grow out of a charge of discrimination. *Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671 (8th Cir. 1994). There is great deference, however, between "liberally reading a claim which lacks

specificity . . . and inventing *ex nihilo* a claim which was simply not made" by the a plaintiff. *Carter v. Missouri Dept. Of Soc. Services,* 2009 WL 3807088, *3 (E.D. Mo. Nov. 12, 2009) (Citing *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996)). Discrete discriminatory acts such as "termination, failure to promote, denial of transfer, or refusal to hire constitute separate actionable unlawful employment practices." *Id.* (Citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

Plaintiff's initial MCHR Charge [Doc #1, Exh. B] against Trinity alleges that he was suspended and demoted because of his race, and he was subjected to racial harassment when a supervisor brought a noose to the workplace. Nowhere in his charging document does he allege he was denied a promotion or equal pay due to his race. Plaintiff merely contends that when read in its entirety, it is clear that his MCHR Charge alleged he was "denied promotion and equal pay connected to that demotion because of his race." Doc #23 at 2. The Court disagrees. Plaintiff failed to bring these separate discrete discriminatory actions; therefore, he was not issued a right to sue letter for such. In light of these facts, the Court finds that Plaintiff failed to exhaust his administrative remedies against Trinity with regard to his denial of promotion and equal pay claims in Count I; thus, these claims found in Count I

are dismissed. The only issue remaining in plaintiff's Count I is whether Defendant Trinity demoted and suspended Plaintiff Borders because of his race.

**Count II: Racial Harassment By Johnny Horman**

As explained above, and articulated in this Court's Order denying remand, Defendant Horman is not a proper defendant in this case and cannot be subject to individual liability. As such, Count II is dismissed.

**Count IV: Retaliation**

In Count IV, Plaintiff asserts a claim of employment discrimination in the form of alleged retaliation. Plaintiff contends that in response to his complaint regarding Horman's discriminatory conduct in bringing a noose to work, Trinity refused to promote Plaintiff which constitutes retaliatory conduct. Accordingly, Plaintiff requests the Court to enter a judgment against Defendants Trinity, Horman, Fortune, and Walker for retaliation and compensatory damages.[2]

Defendants contend that Plaintiff failed to exhaust his retaliation claim. Defendants direct the Court's attention to Plaintiff's initial MCHR Charge. The face of the original MCHR Charge requires an individual alleging discrimination to check the appropriate box which reflects what the discrimination case is based

---

[2]As discussed above, and in the Courts Order Denying Remand, individual defendants Fortune, Walker, and Horman are not subject to individual liability. As such any claims asserted against them are dismissed.

upon. Of the available options, Plaintiff checked the "RACE" and "COLOR" boxes. Doc #1, Exh B. Also available as an option was "RETALIATION," which Plaintiff chose to leave blank. Plaintiff contends that it's clear from the plain language of his MCHR complaint, when read in its entirety, that he exhausted his administrative remedies. He claims that he alleged he was "demoted, denied promotion and denied equal pay connected to that demotion because of his race." Doc #23 at 2. In reviewing Plaintiff's MCHR complaint, and considering his arguments in his Memorandum in Opposition to Defendants' Motion to Dismiss [Doc #23], it is clear to the Court that Plaintiff failed to exhaust his retaliation claim. Not even the most liberal construction of Plaintiff's MCHR complaint would support a finding that Plaintiff asserted retaliation in the charge. He did not assert retaliation in his commentary regarding the alleged discrimination, and he did not check the "RETALIATION" box on the face of the document. For these reasons, the Court finds that Plaintiff failed to exhaust his administrative remedies regarding his retaliation allegation. As such, Plaintiff's Count IV shall be dismissed with respect to Trinity and the individual defendants.

**Counts V and VI: Conspiracy and Tortious Interference**

Defendants contend that both Counts V (civil conspiracy) and VI (tortious interference) should be subject to dismissal because they are preempted by the

9

MHRA. Because these claims fail as a matter of law, the Court need not address the preemption issue.

In Count V Plaintiff alleges that all of the defendants conspired amongst themselves to deny Plaintiff a promotion based on his race. As the Court discussed above, Horman, Walker and Fortune are not subject to individual liability due to Plaintiff's failure to name them in his initial charge. Additionally, Plaintiff failed to raise the failure to promote claim against Defendant Trinity in his MCHR complaint, thus resulting in dismissal due to failure to exhaust. Generally, a conspiracy is not actionable by itself in the absence of an underlying tort or wrongful act, and in the absence of such an underlying tort or wrongful act, a claim for civil conspiracy must fail. *Crow v. Crawford & Co.,* 259 S.W.3d 104, 121 (Mo. App. E.D. 2008). Because Plaintiff's failure to promote claim fails, the civil conspiracy claim fails as well and shall be dismissed. Assuming, *in arguendo,* that Plaintiff's failure to promote claim was not dismissed due to failure to exhaust, the civil conspiracy claim still fails as a matter of law. Generally, "[a] corporation and its agents are considered a single person in the eyes of the law and a corporation cannot conspire with itself." *Schneider v. BJC Healthcare System,* 2009 WL 1176273, *3 (E.D. Mo. May 1, 2009) (*Citing Cross v. General Motors, Corp.,* 721 F.2d 1152, 1156 (8th Cir.1984); *Barstad v. Murray County*, 420 F.3d 880, 887

(8th Cir.2005). As such, Plaintiff's Count V civil conspiracy claim is insufficient and fails.³

In Count VI, Plaintiff alleges that Defendants violated the MHRA when they tortiously interfered with his employment by denying him a promotion due to his race. Under Missouri law, to establish a claim for tortious interference with a contract or business expectancy, plaintiff must plead and prove: (1) a contract or a valid business expectancy, (2) defendant's knowledge of the contract or valid business expectancy, (3) intentional interference by the defendant inducing or causing breach of the relationship, (4) the absence of justification, and (5) damages resulting from defendant's conduct. *SSM Health Care, Inc., v. Deen*, 890 S.W.2d 343, 346 (Mo.Ct.App.1994); *Herrero v. St. Louis University Hosp.*, 929 F.Supp 1260, 1269 (E.D.Mo. 1996). "Without a contract specifying the term of employment, the employment is deemed at will and hence there is no valid expectation of employment for any duration." *Herrero,* 929 F.Supp. at 1269 (E.D.Mo.1996); *quoting Fields v. R.S.C.D.B., Inc.,* 8902 S.W.2d 877, 879

---

³The Court acknowledges that this concept seems inapposite in light of its reasoning in the denial of remand [Doc #22]. In this particular instance, however, Missouri law deems the individuals as agents within the context of whether they can conspire with Trinity, their employer. *See Cross v. General Motors, Corp.,* 721 F.2d at 1156. Whereas, under *Hill v. Ford Motor Co.,* 277 S.W.3d 659 (Mo. 2009), the individual defendants are not considered "virtual alter egos" of Trinity, nor do the share a "substantial identity of interest" in the context of individual liability.

(Mo.Ct.App.1994). Plaintiff has failed to state a claim for tortious interference with an employment relationship because he has not presented any evidence showing that he was anything other than an at will employee. Furthermore, a claim for tortious interference with contractual relations contemplates interference from a third party. *Fields,* 865 S.W.2d at 879 (Mo.App.1993). Horman, Fortune and Walker were acting as officers and agents of Trinity, the corporate defendant. Corporations can only act through their agents. *Id.* As such, they were not third parties to the contract and therefore cannot be held liable for tortious interference with an employment relationship.

## Conclusion

Based upon the foregoing, Defendant's Motion to Dismiss is well taken. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Doc #17], as to Plaintiff's claims of failure to promote, unequal pay and retaliation in Counts I and IV, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Doc #17], Counts I, II and IV as to the Individual Defendants Harmon, Fortune and Walker, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [Doc #17], as to Counts V and VI, is **GRANTED**.

**IT IS FURTHER ORDERED** that the only remaining claims are Plaintiff's Count I claim against Trinity regarding whether he was demoted and suspended because of his race, and Count III.

Dated this 17th day of March, 2011.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE